IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SILVIA MEDINA and JAIR LOPEZ, § <br> Plaintiffs | | |
| V. | § | CIVIL ACTION NO. 4:12-cv-00950 |
| RAC CONFERENCE CENTER, INC., <br> COMPANSOL, INC., GAURI SETH and <br> NEERAJ SETH, <br> Defendants | § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), to recover unpaid minimum wage and/or overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Silvia Medina and Jair Lopez by the Defendants.

### Parties

1. Plaintiffs Silvia Medina and Jair Lopez are former "employees" of Defendants, as that term is defined by the FLSA, and are represented by the undersigned. During their employment with the Defendants, Plaintiffs were individually engaged in interstate commerce.

2. Defendant, RAC Conference Center, Inc., ("RAC") is a Texas corporation and is an "employer" as that term is defined by the FLSA. With respect to Plaintiffs, RAC is subject to the provisions of the FLSA. RAC was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s). RAC's registered agent, Gauri Seth, may be served with process at 1800 S. Dairy Ashford Bldg II, Suite 220, Houston, Texas 77082, or wherever she may be found.

3. Defendant, Compansol, Inc., ("Compansol") is a Texas corporation and is an "employer" as that term is defined by the FLSA. With respect to Plaintiffs, RAC is subject to the provisions of the FLSA. RAC was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s). RAC's

registered agent, Neeraj Seth, may be served with process at 1800 S. Dairy Ashford Bldg II, Suite 220, Houston, Texas 77082, or wherever he may be found.

4. Defendant Gauri Seth is an individual who may be served with process at 1800 S. Dairy Ashford Bldg II, Suite 220, Houston, Texas 77082, or wherever she may be found. With respect to Plaintiffs, Gauri Seth is subject to the provisions of the FLSA, as she acted in the capacity or in the interests of Plaintiffs' employer.

5. Defendant Neeraj Seth is an individual who may be served with process at 1800 S. Dairy Ashford Bldg II, Suite 220, Houston, Texas 77082, or wherever he may be found. With respect to Plaintiffs, Neeraj Seth is subject to the provisions of the FLSA, as he acted in the capacity or in the interests of Plaintiffs employer.

## Jurisdiction and Venue

6. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Factual Allegations

7. Plaintiffs worked for Defendants in the capacity of performing general administrative and office work, setting up for meetings, cleaning, and maintenance work. Plaintiffs were compensated on an hourly basis and were not paid an overtime premium for hours worked over 40 in a workweek, although Plaintiffs regularly worked in excess of 40 hours per workweek; instead, they were paid "straight time" for all hours worked.

8. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

9. Defendants did not make a good faith effort to comply with the minimum wage or overtime provisions contained within the FLSA.

10. Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

11. As non-exempt employees, Plaintiffs were entitled to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in a workweek.

Defendants failed to pay the Plaintiffs the required overtime premium in one or more workweeks while Plaintiffs were employed by Defendants.

12. No exemption excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

## CAUSES OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

13. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendants.

14. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

15. Defendants are liable to Plaintiffs for all unpaid minimum wage and overtime compensation, illegal deductions from pay, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Violations of the Texas Labor Code

16. Based on foregoing, Defendants violated Chapter 62 of the Texas Labor Code, by failing to compensate Plaintiffs their overtime wage for work performed.

17. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

18. Defendants are liable to Plaintiffs for all unpaid minimum wage and overtime wage compensation, illegal and unauthorized deductions, attorney's fees and costs of Court under the Texas Labor Code for work performed during time worked for the two-year period preceding the filing of this lawsuit.

### Other Grounds for Individual Liability

19. Compansol, Inc. failed to file franchise tax returns and/or reports and as a result lost its right to do business in Texas and then its corporate charter, prior to at least some of the

damages enumerated above accrued. Neeraj Seth and Gauri Seth are both directors and/or officers in Compansol, Inc. Pursuant to the terms of the Texas Tax Code, even if it were found that Neeraj and Gauri Seth were not "employers" of Plaintiffs, they would be individually liable for all unpaid overtime earned by the Plaintiffs after the date on which the franchise tax return or report was due to be filed with the Texas State Comptroller.

## **Demand for Jury**

20. Plaintiffs demand a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid and overtime wages;
2. Judgment against Defendants that their violations of the FLSA were willful;
3. An equal amount to the overtime wage damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
1201 Prince Street
Houston, Texas  77008
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS SILVIA MEDINA
AND JAIR LOPEZ**